FILED
SUPERIOR COURT
OF GUAM

2014 MAY 13 PM 1: 12

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT**
**OF GUAM**

ISAIAH PETER MONIZ NARTIA
(D.O.B. 1/9/07),

By: LOLOANIE CHARFAUROS MONIZ,
Guardian Ad Litem for Plaintiff,

          Plaintiff,

    vs.

NICK SORIANO, JR., NISSAN MOTOR
CORPORATION IN GUAM, NISSAN
RENT-A-CAR (GUAM), INC., NATIONAL
UNION FIRE INSURANCE , COMPANY OF
PITTISBURGH, PA., and DOES 1-10,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case no. CV0388-09

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Nick Soriano, Jr. (hereafter Movants) and Nissan Motor Corporation in Guam's (hereafter Movants) Motion to Bifurcate Liability and Damages Issues was taken under advisement on April 11, 2014. The Plaintiff was represented by Attorney Delia S. Lujan Wolff. Movants were represented by Attorney Louie J. Yanza. Defendant National Union Fire Insurance Company of Pittsburgh, Pa (hereafter National Union) was represented by Attorney Randall Todd Thompson. After considering the matters presented, the Court issues the following decision and order denying Movants' request to bifurcate.



## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on March 6, 2009. The complaint alleges that Defendant Soriano negligently caused the death of Peter P. Nartia, deceased (hereafter Decedent), in a motor vehicle collision on or about March 26, 2007. On January 8, 2013, the Court entered an order dismissing Plaintiff's claim for punitive damage and attorney fees and denying Plaintiff's request for partial summary judgment as to liability.

On February 25, 2014, Movants filed their motion to bifurcate liability and damage issues. In a separate paper their motion was joined by Defendant National Union. Pursuant to Rule 42(b) Movants argue that bifurcating liability and damage will: 1) eliminate prejudice; and 2) promote expedition and economy.

In support of their argument of prejudice Movants argue that because the facts of this case involve a child's loss of his father, the jury's emotions will overrun its objectiveness. They argue that because the damages-relevant issues of emotional injury and financial loss are not relevant to the question of liability, their consideration together is not necessary and will cause undue prejudice. In support of these arguments Movants assert that Plaintiff, who was not present during the automobile accident, cannot testify about the issue of liability. They also assert that witnesses to the accident will not be able to testify about damages because they did not know the Decedent.

In light of these assertions, they argue that bifurcation is convenient and practical and that liability and damages evidence should be inadmissible with respect to liability. They argue that bifurcation is permissible because the issues of liability and damages are not intertwined and that bifurcation will be less time consuming and costly and may expedite settlement. As to liability, Movants assert that there are disputed issues of the contributory conduct of the Decedent, evidence of a negligent phantom driver, and to the degree of negligence of the

Movants, which necessitate the introduction of extensive expert testimony.

Movants cite to several U.S. Federal Court decisions where courts ordered bifurcation in similar circumstances. They assert that Plaintiff will not suffer any prejudice from a bifurcated trial and argue that the bifurcation will focus and expedite discovery. They reason that because whether Defendant Soriano held and breached a duty toward Decedent which proximately caused his death, is the central issue in this case and any award of damages is contingent upon a finding of liability, resolving it first will conserve judicial resources.

Plaintiff filed his opposition to Movants' request on March 24, 2014. While Plaintiff concedes that he intends to present testimony which may be emotional, he argues that any prejudice can be cured by jury instruction. He argues that as to the issues of liability, because the anticipated testimony will overlap, bifurcation will not promote judicial economy. He disputes the Movants arguments that bifurcation will focus discovery by asserting that the Parties have already conducted extensive discovery and bifurcation now will have no significant effect.

Plaintiff further argues that because Guam is a comparative negligence jurisdiction it is highly unlikely that a jury will find Defendants are not in some part liable. In support of this assertion Plaintiff cites to Defendant Soriano's admission of guilt to the charge of negligent homicide in criminal Superior Court of Guam Criminal Case No. CF0237-07. Lastly Plaintiff argues that the possible two trials which bifurcation may necessitate will not promote judicial economy. Plaintiff cites to the four years that this matter has been pending and argues that denying bifurcation will not allow for its most timely disposition.

Defendant National Union filed a reply to Plaintiff's opposition on April 1, 2014. In it National Union argues that because Plaintiff's case involves a wrongful death claim, bifurcation is ideal. Citing this Court's January 8, 2013 decision and order, National Union

disputes Plaintiff's argument that Defendant's guilty plea resolves the issue of liability in this case. It further argues that there is sufficient evidence to make it probable that the Court will find that the Decedent's negligence was sufficiently attributable to his own death as to bar Plaintiff's recovery entirely. Lastly it reasserts that there would be no significant overlap in testimony if the issues were to be bifurcated.

Movants filed their reply to Plaintiff's opposition on April 7, 2014. In its reply Movants focus on Plaintiff's concession that testimony will be emotional and argue that such testimony is not relevant to a determination of liability. Movants argue that there is no curative instruction to be unemotional. They reassert that testimony between the two issues does not overlap. In support of this argument Movants again identify the anticipated witness for each of the issues. Lastly citing this Court's denial of partial summary judgment as to liability Movants argue that Defendant Soriano's criminal plea is not dispositive as to the issue of liability.

## DISCUSSION

Motions to bifurcate are regulated by Rule 42(b) of the Guam Rules of Civil Procedure. Guam R. Civ. P. 42(b). This rule provides,

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Organic Act of Guam or laws of Guam.

*Id.* The Guam Supreme Court has yet to interpret or analyze this rule. On its face the rule grants a court discretion to divide a case into separate trials for three reasons: 1) to avoid prejudice; 2) for convenience; or 3) to expedite and economize. *Id.* Facially the rule permits prejudice to attach to separate issues/elements of an individual claim or cause of action. *Id.* A review of the application of the U.S. Federal Rules of Civil Procedure, Rule 42(b), by the U.S.

Federal Courts reveals that the bifurcation of the elements of a cause of action for risk of prejudice between elements is routinely affirmed and is not unique to claims for wrongful death. *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 482 (6th Cir. 2007); *M2 Software, Inc., a Delaware corporation v. Madacy Entertainment, a corporation*, 421 F.3d 1073, 1088 (9th Cir. 2005) (The district court had broad discretion to try the liability phase first and did not abuse its discretion in bifurcating the trial). However, the same review reveals that a trial court's decision to deny bifurcation of issues based upon similar arguments of prejudice are also affirmed. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Admittedly the breadth of discretion allowed to the Court in deciding this issue both on the face of the applicable test and its subsequent interpretation is broad.

In this case the Court is not persuaded that the Parties have asserted sufficient facts for it to find that the bifurcation of the liability element of Plaintiff's actions in tort would be objectively more convenient or expediently economic. None of the Parties to this motion have cited to sufficient disputed or undisputed material facts for the Court to opine upon the probability of a liability determination in any Party's favor or the dispositive nature of such a determination. Absent this the Court is unable to support a finding under either of these rule based justifications.

Accordingly the Court is left to determine whether the possible irrelevance and prejudicial nature of testimony regarding damages in this case sufficiently justifies a decision that they must be determined separately. When applied broadly, the issue or element of damages, whether in tort or contract is not relevant and is often prejudicial to the elements of duty and breach. Viewed under this standard a valid argument can be made that evidence of each element of a cause of action in tort or contract is not relevant to the other. However,

despite this, separate trials are not held for each element and courts and juries frequently are called upon to separate and apply the distinct evidences, emotional and factual, to each element in a cause of action. Any other finding would contravene rule 42(b)'s other justified reasons for bifurcation, convenience and economy. Guam R. Civ. P. 42(b). Accordingly absent some showing of the unique nature of the under lying facts upon which an individual issue will be established or further direction from the Guam Supreme Court, the Court is not persuaded that it should grant bifurcation upon the facts presented here. *Id.*

In this case the possible prejudice arises out the anticipated emotional testimony of child who lost his father in a motor vehicle accident. Specifically Movants identify the following evidences which they find prejudicial:

1) The guardian's romantic involvement with Decedent;
2) The Guardian's difficult pregnancy;
3) Decedent meeting his son for the first time;
4) Decedent's wanting photos of his son;
5) Decedent's crying while looking at photos of his son;
6) Decedent's visit to the home of the child;
7) The child's inquires about his father;
8) The child's testimony of his dislike for Defendant Soriano;
9) Decedent's desire to have his child use his last name;
10) The child calling everyone daddy;
11) The child's first words;
12) The possible importance of the Decedent in the child's life;
13) The amount of financial support the Decedent may have provided to the child;
14) Decedent's desire to have children; and
15) The expert and lay testimony concerning the monetary value of the loss of consortium.

Mot. at 4-6. Disregarding the possible inadmissibility of these statements the Court is unable to find any reason why they are uniquely prejudicial. Absent this the Court is unpersuaded it should grant Movants' request.

## CONCLUSION

Based on the foregoing, the Court DENIES Movants' motion to bifurcate.

SO ORDERED, this 9 day of May 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam